| | |
|---|---|
| 1 | CDF LABOR LAW LLP |
| 2 | Dan M. Forman, State Bar No. 155811<br>dforman@cdflaborlaw.com |
| 3 | Marilena Guadagnini, State Bar No. 324476<br>mguadagnini@cdflaborlaw.com |
| 4 | 707 Wilshire Boulevard, Suite 5150<br>Los Angeles, CA 90017 |
| 5 | Telephone: (213) 612-6300 |
| 6 | Attorneys for Defendant<br>Gruma Corporation |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIFANIA SALVADOR, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>   vs.<br><br>GRUMA CORPORATION, a Nevada corporation; and DOES 1 through 100, Inclusive,<br><br>      Defendants. | Case No. 2:22-cv-01703<br><br>Removed From Los Angeles County Superior Court, Case No. 22STCV01800<br><br>**DEFENDANT GRUMA CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332 (a), 1441(a) and 1446**<br><br>Filed Concurrently With:<br>1. Declaration of Horacio Gaitan<br>2. Declaration of Dan M. Forman<br>3. Request for Judicial Notice<br><br>Action Filed: January 14, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Gruma Corporation ("Defendant"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, based on the original jurisdiction of this Court under 28 U.S.C. § 1332(a) and removal jurisdiction under 28 U.S.C. §§ 1441(a), and 1446.

In support of this removal, Defendant states as follows:

## I. PLEADINGS, PROCESSES AND ORDERS

### A. Plaintiff's State Court Complaint

1. On or about January 14, 2022, Epifania Salvador ("Plaintiff") commenced this action by filing an unverified Complaint in the Superior Court of California, County Los Angeles, captioned *Epifania Salvador v. Gruma Corporation*, Case Number 22STCV01800 (the "Action"). A true and correct copy of all pleadings, process, and orders, and any other documents on file with the State Court are attached to the Declaration of Dan M. Forman ("Forman Decl."), collectively, as **Exhibit A**.

2. Plaintiff's Complaint purportedly asserts representative claims on behalf of herself and similarly situated aggrieved employees ("Aggrieved Employees") who were employed by Defendant during the applicable statutory period and suffered one or more Labor Code violations pursuant to the Private Attorneys General Act, California Labor Code sections 2698, *et seq*. ("PAGA"). [Forman Decl., Ex. A, Complaint ("Compl.") at ¶ 26.] Plaintiff's requested relief is based on alleged violations of Labor Code sections 200, 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2699, and seeks to recover civil penalties pursuant to numerous Labor Code provisions, including sections 210, 226.3, 558, 1197.1, and 2699 and attorneys' fees. [Forman Decl., Ex. A, Compl., ¶¶ 24, 28, and *Prayer,* ¶¶ A-E.]

3. Plaintiff demands a Jury Trial. [Forman Decl., Ex. A, Compl., ¶ 51.]

4. The Summons and Complaint were served on Defendant pursuant to Cal. Civ. Proc. Code section 415.30 on February 14, 2022. [Forman Decl. ¶ 3]

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AND § 1441

5. This court has original jurisdiction of an action based on diversity jurisdiction, pursuant to 28 U.S.C. section 1332(a), where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. Plaintiff's claims as alleged in the Complaint are removable to this Court under 28 U.S.C. sections 1332(a), 1441, and 1446 because the Parties are citizens of different states and the matter in controversy between them is greater than $75,000, as set forth more fully below.

### A. Satisfaction of the Procedural Requirements of 28 U.S.C. § 1446

#### 1. Venue

6. In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. *See* 28 U.S.C. § 84(c). Therefore, this case should be removed to this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a). Thus, this Court is the proper district court to which this case may be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

#### 2. Timeliness

7. Less than thirty (30) days have passed since Plaintiff served her Summons and Complaint on Defendant on February 14, 2022. Therefore, Defendant's Notice of Removal is timely in accordance with 28 U.S.C. section 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stinging, Inc.,* 526 U.S. 344, 353-56 (1999) (removal period begins when defendant is formally served).

///

### 3. Service and Filing of Notice

8. In accordance with 28 U.S.C. section 1446(d), Defendant is serving a copy of this Notice upon counsel for Plaintiff and will file copies of this Notice with the Clerk of the Superior Court of California in the County of Los Angeles and with the Clerk of the Central District of California. Defendant will promptly file true and correct copies of the Proof of Service regarding the Notice of Removal to Plaintiff and the state court.

## B. The Parties Are Completely Diverse

9. Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). For diversity purposes, an individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10. The Complaint alleges that Plaintiff is a resident of the State of California. [Forman Decl., Ex. A, Compl. ¶ 11]. During the entirety of Plaintiff's work for Gruma, her address was a California address. *See* Request for Judicial Notice ("RJN") filed concurrently herewith, **Ex. 1**, Declaration of Lillian Gonzalez In Support Of Defendant Gruma Corporation's Notice Of Removal In Civil Action, 2:21-cv-09905 (C.D. Cal., December 23, 2021) ("Gonzalez Decl.") ¶ 3.c. Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

11. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 78.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

12. Gruma Corporation, at the time of the filing of this action, was, and still is, incorporated under the laws of the State of Nevada.  [Declaration of Horacio Gaitan ("Gaitan Decl.") ¶ 3.]  Gruma Corporation's principal place of business and the location where its officers direct, control, and coordinate its corporate activities was, at the time of the filing of this action, and still is, in Irving, Texas.  [Gaitan Decl. ¶ 4.]  Therefore, at all material times, Gruma Corporation has been a citizen of the State of Nevada and the State of Texas, and not of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

13. Since Defendant is a citizen of the State of Nevada and the State of Texas, and Plaintiff is a citizen of the State of California, complete diversity exists pursuant to 28 U.S.C. §1332(a).

### C. The Amount-in-Controversy Requirement is Satisfied by Plaintiff's Action

14. The allegations of the Complaint demonstrate that the amount-in-controversy exceeds $75,000, as required by 28 U.S.C. section 1332(a).  By estimating the amount Plaintiff may recover if she prevails, however, Defendant does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to any money in any particular amount or at all.  Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability, damages, penalties, and any amount of reasonable attorney's fees requested.

15. Where, as here, the Complaint does not specify a particular amount of

damages, the removing defendant need only establish the amount in controversy by a preponderance of evidence, i.e., that it is more likely than not that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).[1] A defendant may show the amount in controversy "by setting forth the *facts* in controversy ... that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including penalties and attorneys' fees, including future fees, where recoverable by statute. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) ("if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

16. Plaintiff's Complaint places amounts in controversy based on her requests for civil penalties, reasonable attorneys' fees, and other relief deemed just and proper. [Forman Decl., Ex. A, Compl., *Prayer*, ¶¶ A-E.]

/ / /

---

[1] An evidentiary showing is needed only if the amount in controversy alleged in the removal notice is challenged. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "A removing defendant … need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, *6 (C.D. Cal. June 16, 2014); see also *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (A notice of removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC § 1332. …").

### 1. **Plaintiff's Individual Penalties Add $17,125 to the Controversy**

17. Plaintiff seeks to recover civil penalties from January 14, 2021, to the present. [Forman Decl., Ex. A, Compl., ¶ 28.] Between January 14, 2021, and Plaintiff's last day of employment, August 13, 2021, Plaintiff worked during 31 weekly pay periods. [Gaitan Decl. ¶ 5.a-b.]

18. If Plaintiff prevails in the Action, she would be entitled to 25-percent of the civil penalties recovered for violations allegedly committed against her during the 31 pay periods at issue. Plaintiff alleges that Defendant violated Labor Code sections 200, 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2699. [Forman Decl., Ex. A, Compl., ¶ 28.] Plaintiff claims that the violations took place throughout Plaintiff's employment rather than as isolated incidents. [Forman Decl., Ex. A, Compl., ¶¶ 17-22, 26.] Plaintiff seeks to recover civil penalties for each alleged statutory violation pursuant to the PAGA. [Forman Decl., Ex. A, Compl. ¶¶ 23-24.] Accordingly, Plaintiff seeks civil penalties based on claims that she suffered each alleged Labor Code violation during each of the 31 pay periods at issue in the action.

19. PAGA permits aggrieved employees to recover civil penalties for violations of any Labor Code provision in accordance with "any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected" for such violation. Cal. Lab. Code § 2699(a). Labor Code provisions specify civil penalties for violations of sections 226, 226.3, 558, and 1197.

a. Section 226(e) establishes a penalty of the greater of actual damages or $50 per pay period and $100 for each pay period that follows, up to $4,000 for violations of Section 226. Plaintiff has thus placed **$762.50** in controversy through her alleged violations of Section 226 [($50 + $100 x 30) x 25%].

b. Section 226.3 provides, "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand

dollars ($1,000) per employee for each violation in a subsequent citation." Plaintiff has thus placed **$7,562.50** in controversy through her alleged violations of Section 226 [($250 + 30 x $1,000) x 25%].

  c. Section 558 establishes a $50 civil penalty per pay period in which violations of Section 510 occurred. Cal. Lab. Code § 558(a)(1). Based on Plaintiff's claims that Defendant consistently failed to pay for all hours worked, Plaintiff has placed at least $**375** in controversy through her alleged violations of Section 510 [($50 x 30) x 25%].

  d. Section 1197.1 establishes a $100 civil penalty per pay period in which violations of Section 1197 occurred. Cal. Lab. Code § 1197.1(a)(1). Plaintiff has thus placed **$775** in controversy through her alleged violations of Section 1197 [($100 x 31) x 25%].

  e. Therefore, Plaintiff placed at least **$9,475** in controversy through these alleged violations.

  20. The PAGA also establishes an additional default civil penalty that aggrieved employees may recover for violations of Labor Code for which a civil penalty is not specifically provided. Cal. Lab. Code § 2699(f). The Labor Code does not specifically establish a civil penalty for violations of sections 201, 202, 203, 204, 226.7, 512, 1194, and 1197.

  21. Section 2699(f) establishes a $100 civil penalty for each pay period in which an initial violation of the above-referenced Labor Code sections occurred, and $200 per pay period for subsequent violations. Plaintiff has thus placed at least **$7,625** in controversy through her alleged violations of Sections 204, 226.7, 512, 1194, and 1197 [($100 x 5 violations) x 25%) + ($200 x 30 pay periods x 5 violations) x 25%]. She placed an additional **$25** in controversy through the alleged violations of Sections 201, 202 and 203 (which are mutually exclusive), which could only occur in the last pay period of her employment [($100) x 25%]. In total, Plaintiff has placed at least $**7,650** in controversy through her alleged

violations of Section sections 201, 202, 203, 204, 226.7, 512, 1194, and 1197.

22. In sum, Plaintiff put at least **$17,125** in controversy for the recovery of Plaintiff's portion of civil penalties pursuant to the PAGA [$9,475 + $7,650].

### 2. Plaintiff's Enhancement Award Adds $5,000 to the Controversy

23. Additionally, Courts regularly recognize a representative plaintiff's burdens and demands in prosecuting a representative action, relative to the nonparty employees, by awarding significant enhancement/incentive payments. In 2015, the Northern District of California considered $5,000 incentives to be presumptively reasonable. *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015) (awarding $10,000 incentive award to PAGA and class representative). These payments, typically $5,000, are often 10-20 times more than the average amount awarded to nonrepresentative employees. *See Garrett v. Bank of America, N.A.*, 9 Trials Digest 22d 33, 2016 WL 11565386 (Cal. Superior) (Verdict and Settlement Summary), citing Plaintiff's Motion for Approval, 2016 WL 11430683, and the court's Order and Judgment, 2016 WL 11431495 ("[s]ervice awards of $25,000 each for [the three] plaintiffs" in a PAGA action); *Smith v. Am. Greetings Corp.*, 2016 WL 362395, *11 (N.D. Cal. Jan. 29, 2016) (awarding $5,000 to each named PAGA and class plaintiff); *Willner v. Manpower Inc.*, 2015 WL 3863625, *8 (N.D. Cal. June 20, 2015) (awarding $7,500 to a class representative); *Fleury v. Richemont N. Am., Inc.*, 2008 WL 3287154, *6 (N.D. Cal. Aug 6, 2008) (awarding $5,000 to class representative); *Burden v. SelectQuote Insurance Services*, 2013 WL 3988771, *6 (awarding $5,000 to class representative $5,000). Therefore, an amount of at least **$5,000** in enhancement award should be considered for the purposes of establishing diversity jurisdiction. [Forman Decl., Ex. A, Compl., *Prayer*, ¶ E.]

### 3. Plaintiff's Attorneys' Fees Add Over $75,000 to the Controversy

24. "Though the Ninth Circuit has not expressly ruled on the issue, courts have applied the … anti-aggregation rule … to attorneys' fees" for determining the

amount of attorneys' fees allocated "to a named plaintiff in determining the amount in controversy." *Prestwood v. Marriott Ownership Resorts, Inc.*, No. SACV1900766AGSSX, 2019 WL 2522674, at *4 (C.D. Cal. June 18, 2019). The application of the anti-aggregation rule in PAGA actions, however, does not require *equal* allocation between the named PAGA plaintiff who commences the action and is actually represented by counsel, and every other current or former aggrieved employee of the defendant. The amount of attorneys' fees in controversy that are reasonably and appropriately allocated to the named Plaintiff, as the only party who must prove standing in this PAGA action, exceed $52,875—the amount of attorneys' fees necessary to exceed the $75,000 threshold based on the above sought civil penalties and enhancement award.

25. Standing is essential and must be considered by federal courts even if the parties fail to raise it. *United States v. Hays* (1995) 515 US 737, 742, 115 S.Ct. 2431, 2435. Before turning to the merits of an action, a court "must ensure" the named representative has standing. *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 673 (9th Cir. 2021). "PAGA imposes a standing requirement; to bring an action, one must have suffered harm." *Williams v. Superior Court*, 3 Cal.5th 531, 558 (2017). Thus, to maintain this action, Plaintiff must establish violations were committed against her in the same manner she would if pursuing individual claims predicated on the same alleged violations that support her PAGA claim.

26. Unrepresented, nonparty employees have no "property rights or any other substantive rights" at issue in a PAGA action. *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal.4th 993, 1003 (2009). Further, unlike the named PAGA plaintiff, no unrepresented, nonparty employee can be bound by an adverse judgment in the PAGA action. *See Arias v. Superior Court*, 46 Cal.4th 969, 987 (2009).

27. California Courts regularly recognize a representative plaintiff's burdens and demands in prosecuting a PAGA action, relative to the nonparty

employees, by awarding significant enhancement/incentive payments. These payments are often 10-20 times more than the average amount of civil penalties awarded to the nonparty employees. *Smith*, at *11 (awarding $5,000 to each named PAGA plaintiff); *Bellinghausen*, at 267 (awarding $10,000 incentive award to PAGA and class representative, where the representative spent 73 hours on the case); *see also, Willner*, at *8 (awarding $7,500 to a class representative); *Fleury*, at *6 (awarding $5,000 where class representative); *Burden*, at *6 (awarding the representative $5,000); *Garrett,* 2016 WL 11565386 (Cal. Superior) (s*upra*) ("[s]ervice awards of $25,000 each for [the three] plaintiffs" in a PAGA action).

28.  The PAGA represents a permanent, full assignment of California's interest to the named PAGA plaintiff. *Magadia* at 677. Moreover, the "PAGA prevents California from intervening in a suit brought by the [named PAGA plaintiff]…[and] binds the State to whatever judgment results." (*Id*. at 676) In order to maintain the *full* assignment and bring this action on behalf of other employees, Plaintiff must *first* establish standing based on her own legal rights and interests.

29.  Given Plaintiff's requirement to establish standing to maintain this PAGA action, the amount of current and future attorneys' fees placed in controversy for Plaintiff should be measured as though she weas pursuing individual claims predicated on the same alleged Labor Code violations at issue in the action.

30.  The amount of reasonable attorneys' fees in controversy may be ascertained based on affidavits submitted by counsel in other matters in which they sought attorneys' fees. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 898 (1984); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In 2021, Plaintiff's counsel testified that Michael Nourmand and James A. De Sario's reasonable hourly rates were **$750** and **$500**, respectively. [Forman Decl., Ex. B (Declaration of Michael Nourmand dated April 8, 2021, ¶ 8).]

31. Conservative estimates of the time required for investigating Plaintiff's individual claims (for purposes of demonstrating PAGA standing) (10 hours), propounding, responding to, and reviewing discovery (30 hours), and preparing for and attending Plaintiff's deposition (15 hours), one "Person Most Qualified" or FRCP 30(b)(6) deposition (15 hours), two fact witness depositions (15 hours), mediation and/or a mandatory settlement conference (15 hours) and the jury trial on the issue of Plaintiff's standing (50 hours), would require 150 hours. Mr. De Sario's reasonable attorney's fees for that work alone—which does not include any time spent on motion practice or oral argument—would permit Plaintiff to claim at least **$75,000** in attorneys' fees. [Forman Decl., ¶ 8.] If Mr. Nourmand and Mr. De Sario split the estimated time to work on this matter 25/75 respectively, the attorneys' fees would be $84,375 [($750 x 37.5 hours) + ($500 x 112.5 hours)]. As such, the $75,000 estimate is conservative as it excludes Mr. Nourmand's higher rate.

32. The amount of reasonable attorneys' fees in controversy may also be ascertained from awards in comparable cases. *See, e.g.*, *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009). In a PAGA action alleging fewer Labor Code violations (only nine violations), the court found that "$30,000, or 100 hours of attorney's time multiplied by a billing rate of $300 per hour, is a reasonable and conservative estimate ***to litigate [the named representative's] wage and hour claims through trial***." *Garcia v. Commonwealth Fin. Network*, No. 20-CV-1483-BAS-LL, 2020 WL 6886267, at *9 (S.D. Cal. Nov. 24, 2020) (emphasis added.) Here, using *Garcia's* benchmark of 100 hours split 25/75 between Mr. Nourmand and Mr. De Sario respectively, the specific, reasonable and conservative attorneys' fees to litigate Plaintiff's wage and hour claims through trial would be $56,250 [($750 x 25) + ($500 x 75)].

33. The total amount of attorneys' fees in controversy in this PAGA action is much greater than the $75,000 reasonably allocated to Plaintiff to prove

her PAGA standing. California courts regularly award over $300,000 in attorneys' fees to prevailing plaintiffs in PAGA actions that settle **before** trial. *See Ortiz v Morgan Stanley Smith Barney LLC*, No. CGC-17-560139, 2019 WL 3069389, at *1 (Cal.Super. May 13, 2019) ("approves the award of $577,500 in fees"); *Cisneros v Lazy Dog Restaurants, LLC*, No. 56201700501824CUOEVT, 2019 WL 2814485, at *1 (Cal. Super. June 04, 2019) ("fees in the amount of $366,630"); *Doe v Google, Inc.*, No. CGC-16-556034, 2018 WL 3413942, at *1 (Cal. Super. June 25, 2018) ($346,118.20 awarded for attorneys' fees in a PAGA-only settlement). Courts have even approved attorneys' fee awards in the millions of dollars for PAGA-only settlements that did not require a trial. *See Garcia v Macy's West Stores, Inc.*, No. CIVDS1516007, 2017 WL 7049953, at *2 (Cal. Super. Sep. 13, 2017) (awarding attorney's fees of $4,166,666.67); *see also Garrett*, 2016 WL 11565386 ("$5 million to plaintiffs' counsel for attorney fees" in a PAGA action claiming only that the employer failed to provide suitable seating).

34. Based on the above and the Declaration of Dan Forman, $75,000 is a specific, reasonable and conservative sum for the attorney's fees allocated to Plaintiff, to prove her individual claim to give rise to PAGA standing, in order to determine the amount in controversy between Plaintiff and Defendant. [Forman Decl. ¶¶ 6 - 8.] And, should the Court conclude that 100 hours of time is the correct benchmark, as stated in *Garcia v. Commonwealth Fin. Network*, No. 20-CV-1483-BAS-LL, 2020 WL 6886267, at *9 (S.D. Cal. Nov. 24, 2020), given Plaintiff's counsel's rates, relevant attorneys' fees may be calculated at $56,250

35. In light of the above, Plaintiff has placed in excess of $52,875 or **$75,000** in attorney's fees in controversy by asserting violations of Labor Code sections 200, 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2699 and by requesting a jury trial to make that determination.

/ / /

**4. The Total Amount in Controversy Exceeds $97,125**

36. The above calculations total over $**97,125**. They do not include the amount Plaintiff placed in controversy by requesting the Court to award "other and further relief" the Court may deem just and proper. [Forman Decl., Ex. A, Compl., *Prayer*, ¶ E.]

37. The evidence demonstrates that the potential recovery is greater than the jurisdictional minimum of $75,000.

38. Other courts have found the jurisdictional amount satisfied in employment lawsuits where the specified damages were much less than the damages Plaintiff seeks here. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002) (jurisdictional minimum was satisfied in an employment discrimination case where plaintiff's lost wages totaled $25,600, but plaintiff also sought unspecified amounts in attorney's fees, punitive damages, and emotional distress damages); *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (jurisdictional minimum was satisfied in a wrongful termination case even though Plaintiff had only specified $13,000 in damages from lost income because plaintiff also sought unspecified amounts for loss of pay, impaired earning capacity, pre-judgment interest, court costs, and emotional distress, attorneys' fees and punitive damages); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1996) (former $50,000 jurisdictional minimum was met where the plaintiff sought approximately $30,000 for violation of contract, as well as additional tort damages and punitive damages).

39. It is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *See Sanchez*, 102 F.3d at 403-404.

### III. CONCLUSION

40. Based on the foregoing, this Court has jurisdiction on the grounds of diversity of citizenship pursuant to U.S.C. sections 1332(a) and 1441(a). Plaintiff is not a citizen of the same state as Defendant. In addition, the claims of Plaintiff place

more than $75,000 in controversy. Thus, removal to federal court is proper.

41. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiff to file a statement of damages.

WHEREFORE, Defendant removes this action to this Court.

Dated: March 15, 2022         CDF LABOR LAW LLP

                              By: _____/s/ *Dan M. Forman*_____
                                          Dan M. Forman
                              Attorneys for Defendant
                              Gruma Corporation

1949740.1